```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF HAWAII

STEVEN L. BRENNER,             )    CIVIL NO. 10-00113 SOM/BMK
                               )
              Plaintiff,       )    ORDER DENYING PLAINTIFF'S
                               )    RECONSIDERATION MOTION OF
     vs.                       )    COURT'S ORDER GRANTING
                               )    DEFENDANT'S MOTION FOR
INDYMAC BANK, F.S.B.;          )    SUMMARY JUDGMENT (ECF No. 50)
ONE WEST BANK, F.S.B.; et al., )
                               )
                               )
              Defendants.      )
_____)
                               )
```

ORDER DENYING PLAINTIFF'S RECONSIDERATION MOTION OF COURT'S ORDER
  GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 50)

I.      INTRODUCTION.

        Plaintiff Steven L. Brenner ("Brenner") filed a pro se complaint against Defendants IndyMac Bank, F.S.B. ("IndyMac"), and OneWest Bank, F.S.B. ("OneWest"), alleging violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and Hawaii Revised Statutes § 656-1, entitlement to injunctive relief, and damages for intentional infliction of emotional distress.  On November 9, 2010, this court granted OneWest's motion for summary judgment.  The court delayed entry of the judgment, and gave Brenner the option to file an amended complaint by December 8, 2010, to prevent judgment entry.

        On November 29, 2010, Brenner filed a "Judicial Notice in Support of Petition and Demand to Reverse Judge's Order Granting Motion to Dismiss and Written Objections."  ECF No. 54.

The court construed that document as a reconsideration motion and denied it as untimely. The court extended the deadline by which Brenner could submit a motion for leave to file an amended complaint from December 8, 2010, to December 28, 2010. Brenner has instead filed another reconsideration motion with the same title. See ECF No. 61. The court denies the second motion for reconsideration as untimely and meritless.

II.     LEGAL STANDARD.

A successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Id. The District of Hawaii has implemented these standards in Local Rule 60.1, which states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)  Discovery of new material facts not previously available;
>
> (b)  Intervening change in law;

>      (c)   Manifest error of law or fact.
>
>      Motions asserted under Subsection (c) of this
>      rule must be filed not more than fourteen
>      (14) days after the court's written order is
>      filed.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." Comeaux v. State of Hawaii, Civ. No. 06-00341 SOM-BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8, 2007) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)). Furthermore, "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Id. (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." White, 424 F. Supp. 2d at 1274 (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

III.    ANALYSIS.

First, the reconsideration motion is again untimely. As no judgment has been entered, this appears to be a motion seeking reconsideration from an interlocutory order. Under Local Rule 60.1, such a motion must be brought within 14 days of the underlying order, which was entered on November 9, 2010. See ECF No. 50.

Second, even if this court on its own grants Brenner an extension of the time in which to seek reconsideration, his motion raises no matter establishing (a) discovery of new material facts not previously available, (b) an intervening change in the law, or (c) a manifest error of law or fact, as required by Local Rule 60.1.  Local Rule 60.1 mirrors Rule 60 of the Federal Rules of Civil Procedure, which governs reconsideration motions relating to final orders.  Brenner brings the same arguments in his previous motion for reconsideration, see ECF No. 54, as in his current reconsideration.  For example, he argues that the court is subjecting him to involuntary servitude on him and failing to apply correct legal standards.  These arguments are not supported by any reasonable reading of applicable law.  The reconsideration motion would be denied on its merits even if timely.

Brenner remains allowed to file a motion for leave to file an amended complaint by the extended deadline of December 28, 2010.  Brenner states that the court is "unduly burdening" him "with [the] requirement to amend complaint . . . and such demands . . . amounts to another point of involuntary servitude."  Motion for Reconsideration ¶ 3, ECF No. 61.  Brenner misunderstands the court's previous order.  The court gave Brenner the option to file a motion for leave to file an amended complaint and stated that "Brenner is free to refrain from filing

such a motion." Order Den. Summ. J. 20, ECF No. 50. Unless by December 28, 2010, Brenner files a motion for leave to file an amended complaint, judgment will be automatically entered against him.

IV.     CONCLUSION.

For the foregoing reasons, the court denies Brenner's reconsideration motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Brenner v. IndyMac Bank, F.S.B; One West Bank, F.S.B. et al., Civ. No. 10-00113 SOM/BMK; ORDER DENYING PLAINTIFF'S RECONSIDERATION MOTION.