IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEVEN L. BRENNER, | ) | CIVIL NO. 10-00113 SOM/BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S "MOTION/PETITION TO REVERSE |
| vs. | ) ) | OR WITHDRAW ORDER GRANTING SUMMARY JUDGMENT" (ECF NO. |
| INDYMAC BANK, F.S.B.; ONE WEST BANK, F.S.B.; et al., | ) ) ) ) ) | 74) |
| Defendants. | ) ) | |

ORDER DENYING PLAINTIFF'S "MOTION/PETITION TO REVERSE
OR WITHDRAW ORDER GRANTING SUMMARY JUDGMENT" (ECF NO. 74)

I.   INTRODUCTION.

The court has reviewed the document filed by pro se Plaintiff Steven L. Brenner on January 25, 2011, under the title "Motion/Petition to Reverse or Withdraw Order Granting Summary Judgment" (ECF No. 74). The court construes this document as a motion to amend the final judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and/or a motion seeking relief from judgment under Rule 60(b). The motions are denied, as Brenner does not show that he is entitled to such relief.

II.  PROCEDURAL HISTORY.

Throughout this case, Brenner has repeatedly failed to follow instructions. On November 9, 2010, the court granted summary judgment in favor of Defendants, but allowed Brenner to file an amended complaint by December 8, 2010, so as not to prejudice Brenner, who is proceeding pro se. Instead, Brenner

filed a reconsideration motion, see ECF No. 54, and the court denied it as untimely, see ECF No. 60. The court extended the deadline by which Brenner could submit a motion for leave to file an amended Complaint from December 8, 2010, to December 28, 2010, even though Brenner had not asked for an extension. But Brenner filed another reconsideration motion. See ECF No. 61. The court denied the second motion for reconsideration as untimely and meritless. See ECF No. 67. Brenner brought the same arguments in both motions for reconsideration. These arguments were not supported by any reasonable reading of applicable law. The court still allowed Brenner to file a motion for leave to file an amended Complaint until December 28, 2010.

On December 27, 2010, Brenner asked for an additional thirty days to submit a proposed Complaint. See ECF No. 68. The court granted the request, and specifically told Brenner that he was allowed to file a motion for leave to file an amended Complaint, with his proposed amended Complaint, no later than January 12, 2011. See ECF No. 69. On January 12, 2011, Brenner filed only a proposed amended Complaint, without a motion for leave to file an amended Complaint as required. See ECF No. 70. Because Brenner had not filed the necessary motion, the court entered judgment against him.

III.     LEGAL STANDARD.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend the judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The granting of a Rule 59(e) motion is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). There are four grounds upon which a Rule 59(e) motion may be granted:

> 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is "'used sparingly as an equitable remedy to

3

prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).

III. ANALYSIS.

Brenner fails to meet the standards of Rule 59(e) or Rule 60(b). Brenner asks the court to excuse his error in failing to file the required motion requesting leave to file an amended Complaint. He asks the court to consider his amended Complaint. The court does not grant Brenner's request, as he does not demonstrate any grounds for post-judgment relief. Brenner does not state any newly discovered facts or intervening change in law upon which judgment can be reversed. Nor does Brenner state any manifest error or injustice in the court's final judgment. Furthermore, Brenner does not allege any mistake, fraud, or other reason justifying relief from judgment.

Moreover, having read through Brenner's amended Complaint and noting that it repeats many of the deficiencies found in his original Complaint, the court concludes that Brenner's proposed amended Complaint does not appear to properly plead a claim on which relief can be granted.

4

IV.     CONCLUSION

For the foregoing reasons, the court denies Brenner's motion.  All pending motions are denied as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2011



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Brenner v. IndyMac Bank, F.S.B; One West Bank, F.S.B. et al., Civ. No. 10-00113 SOM/BMK; ORDER DENYING PLAINTIFF'S "MOTION/PETITION TO REVERSE OR WITHDRAW ORDER GRANTING SUMMARY JUDGMENT" (ECF No. 74).